**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**ZACHARY ANTWANN LITTLETON,**

    Petitioner,

v.                                           Case No. 3:23cv12853-MCR/MAF

**RICKY D. DIXON, Secretary
Florida Department of Corrections,**

    Respondent.
_____/

## REPORT AND RECOMMENDATION

On May 31, 2023, Petitioner Zachary Antwann Littleton, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On August 9, 2023, Respondent filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 7. Petitioner filed a reply on September 5, 2023. ECF No. 10.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition should be

dismissed as untimely.  *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Zachary Antwann Littleton challenges his conviction and sentence from the First Judicial Circuit, Escambia County, Florida, following a jury trial in case number 2009-CF-5574.  ECF No. 1.  In particular, on June 30, 2011, the jury found Littleton guilty of first-degree premeditated murder of Samira Watkins, contrary to section 782.04, Florida Statutes (2009).  Ex. B at 676-77 (verdict); *see* Ex. A at 1-2 (indictment).[1]  The trial court immediately adjudicated him guilty and sentenced him to life in prison without the possibility of parole.  Ex. B6 at 676-77.

Littleton appealed his conviction and sentence to the First District Court of Appeal (First DCA), Ex. D, assigned case number 1D11-4098, and his counsel filed an initial brief, Ex. E.  The State filed an answer brief.  Ex. F.  On May 16, 2012, the First DCA per curiam affirmed the case without a written opinion.  Ex. H; Littleton v. State, 86 So. 3d 1120 (Fla. 1st DCA 2012) (table).  Littleton did not seek further review.

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No.7.

On June 8, 2015, counsel for Littleton filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in the state trial court. Ex. I at 14-25. On July 14, 2015, Littleton's counsel filed a petition for writ of habeas corpus in the state trial court, asserting she had "incorrectly calculated the due date of the Motion for Post-Conviction Relief and therefore filed the Motion for Post-Conviction Relief after the two-year time limit permitted by Fla. R. Crim. P. 3.850." *Id*. at 26. By order rendered October 1, 2015, the state postconviction trial court denied the Rule 3.850 motion as untimely. *Id*. at 28-30. Littleton's counsel sought rehearing. *Id*. at 35-36. By order rendered November 23, 2015, the court granted the motion for rehearing and directed counsel to supplement the habeas corpus petition "with documentation establishing her retention date in this case." *Id*. at 36-37. Littleton's counsel filed an affidavit, with attached records, corroborating her representation began in November 2013. Ex. J. Thereafter, by order on May 3, 2016, the court found the Rule 3.850 motion "contains multiple allegations that appear to be facially and/or legally insufficient" and struck the motion with leave to amend. Ex. I at 38-41.

On September 7, 2016, through counsel, Littleton filed another Rule 3.850 motion. Ex. I at 44-59. By order rendered January 25, 2017, the state postconviction court summarily denied the amended Rule 3.850 motion. Id.

at 66-83 (exclusive of attachments). Littleton did not timely appeal this order. *See* ECF No. 7 at 4.

On March 14, 2017, Littleton's counsel filed a petition for belated appeal in the First DCA, pursuant to Florida Rule of Appellate Procedure 9.141(c), assigned case number 1D17-1029. Exs. K, L. Counsel asserted she had timely prepared the notice of appeal but "inadvertently failed to file the prepared pleadings." Ex. K at 3. The State filed a response to the First DCA's order to show case. *See* Ex. L. On July 26, 2017, the First DCA granted the belated appeal, Ex. M, assigned case number 1D17-3699, Ex. N. No briefs were filed. *See* Ex. N. On December 11, 2018, the First DCA per curiam affirmed the case without a written opinion. Ex. O; Littleton v. State, 257 So. 3d 957 (Fla. 1st DCA 2018) (table). The mandate issued January 2, 2019. Ex. O.

On March 27, 2023, Littleton filed a pro se petition for writ of mandamus in the state trial court. Ex. P. By order rendered July 31, 2023, the state trial court dismissed the petition, finding it facially insufficient. Ex. Q.

In the meantime, On June 5, 2023, Littleton filed a pro se motion for postconviction DNA testing pursuant to Florida Rule of Criminal Procedure 3.830. *See* Ex. D. This motion was still pending in the trial court at the time Respondent filed the motion to dismiss. *See* ECF No. 7 at 4.

Case No. 3:23cv12853-MCR/MAF

As indicated above, on May 31, 2023, Littleton filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 7. Petitioner Littleton filed a reply. ECF No. 10.

## Analysis

Under the AEDPA, there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment that prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. Id. § 2244(d)(1)(B)-(D). The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. Id. § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, as indicated above, on May 16, 2012, the First DCA per curiam affirmed Littleton's direct appeal without a written opinion. Ex. H; Littleton v. State, 86 So. 3d 1120 (Fla. 1st DCA 2012) (table). Littleton did not seek further review. Accordingly, his conviction became final for federal habeas purposes on **August 14, 2012**, upon expiration of the ninety-day period for seeking certiorari review in the U.S. Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A); *see also, e.g.*, Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004); Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). He had one year thereafter, or until August 14, 2013, to file a federal habeas petition, absent tolling activity. *See, e.g.*, Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1218 (11th Cir. 2017) (explaining conviction became final "on December 23, 2002, when the time for seeking a writ of certiorari from the United States Supreme Court expired" and "[o]n that same date, Cadet's one-year statute of limitations for filing a federal habeas petition began to run," citing 28 U.S.C. § 2244(d)(1)(A)); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

As set forth above, Littleton did not file anything until June 8, 2015, when his attorney filed an untimely Rule 3.850 motion for postconviction

relief in the state trial court.  Ex. I at 14-25.  By this point, however, the one-year AEDPA limitations period had long expired.  Thus, his § 2254 petition is untimely.

The state trial court ultimately allowed that untimely Rule 3.850 motion to proceed, and the First DCA ultimately granted a belated appeal of the order summarily denying postconviction relief.  These events did not revive the AEDPA limitations period, however.  *See, e.g.*, Moore v. Crosby, 321 F.3d 1377, 1382 (11th Cir. 2003) (holding petitioner's belated appeal motion was not pending during AEDPA limitations period and explaining:  "The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in state court.  A state application filed after expiration of the limitations period does not relate back so as to toll idle periods preceding the filing of the federal petition.  The plain language of the statute provides for tolling '[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending.'  28 U.S.C. § 2244(d)(2).  While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.  In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired.");

Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

In his § 2254 petition and his reply, Littleton asserts the attorney his family hired for his direct appeal also "agreed to file a timely motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, but failed to do so, impeding and hampering the one-year tolling limitation under 28 U.S.C. § 2244(d)(1)(A)(B)." ECF No. 10 at 4; see ECF No. 1 at 32. Littleton asserts entitlement to equitable tolling based on this. ECF No. 10 at 5.

"[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009)). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace, 544 U.S. at 418). The petitioner bears the burden of establishing equitable tolling and "the allegations supporting equitable tolling

must be specific and not conclusory." Hutchinson v. Florida, 677 F.3d 1097, 1099 (11th Cir. 2012).

Petitioner Littleton has not met his burden of showing either that he diligently pursued his rights or that some extraordinary circumstance kept him from timely filing his § 2254 petition. He has not shown that he diligently pursued his rights under the AEDPA. See Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1313 (11th Cir. 2001) (explaining that petitioner must "establish his own due diligence in ascertaining the applicable limitations period"); Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) ("[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion."). As Respondent asserts, even after the First DCA decided the belated appeal from the denial of his belated Rule 3.850 motion, Littleton waited over four (4) years to file his § 2254 petition. See ECF No. 7 at 14.

In addition, Littleton's allegations regarding the inability to file his § 2254 petition within the one-year AEDPA limitations period do not demonstrate extraordinary circumstances. See, e.g., Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014) ("[V]ague allegations about the existence of impediments, without more, or an argument that fails to explain how such impediments prevented the timely fling of the petition,

does not establish extraordinary circumstances."); Chavez v. Sec'y, Fla. Dept. of Corr., 647 F.3d 1057, 1061 (11th Cir. 2011) (allegations supporting equitable tolling must be factual and specific, not conclusory); Helton, 259 F.3d at 1313-14 (rejecting petitioner's equitable tolling argument that he "was prevented from obtaining accurate information due to deficiencies in the prison library where he was being held"). "Mere attorney negligence does not justify equitable tolling." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); see Holland, 560 U.S. at 651-52.

Finally, in his § 2254 petition and his reply, Littleton indicates "this present filing is based on Actual Innocence and/or Miscarriage" of justice. ECF No. 1 at 19; see ECF No. 10 at 2-3, 7-8. To the extent Petitioner Littleton thus argues his confinement constitutes a "fundamental miscarriage of justice" because he is "actually innocent," such that he should benefit from the equitable exception to the AEDPA limitations period set forth in McQuiggin v. Perkins, 569 U.S. 383 (2013), his argument should be rejected.

In McQuiggin, the U.S. Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" even when the AEDPA limitations period has expired. 569 U.S. at 386. The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades

the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)); *see* Gore v. Crews, 720 F.3d 811, 817 (11th Cir. 2013) (explaining U.S. Supreme Court "has not recognized any equitable exceptions to the statutory bars on habeas petitions when the petitioner does not make a 'credible showing' of actual innocence" and the "most recent decision on the matter, McQuiggin, reaffirmed that principle, holding that there is an 'equitable exception' to the statute of limitations applicable to habeas claims, 28 U.S.C. § 2244(d), but only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner'"). More particularly, "[t]o be credible, such a claim requires a petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324; *see* McQuiggin, 569 U.S. at 401 ("We stress once again that the Schlup standard is demanding. The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" (quoting Schlup, 513 U.S. at 316)).

In this case, Petitioner Littleton has not supported his claim that he is "actually innocent" with any evidence, much less new reliable evidence as required. *See, e.g.*, Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining actual innocence exception "is exceedingly narrow in scope, as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence" and "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial" (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998))). He has not opened the "gateway" described in McQuiggin and other cases such that his habeas claims may be considered on the merits. His federal habeas petition should be dismissed as untimely.

## Conclusion

The § 2254 petition is untimely and Petitioner Littleton has not demonstrated entitlement to any exception to the one-year AEDPA limitations period. Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 7, be **GRANTED**, and Petitioner Littleton's § 2254 petition, ECF No. 1, be **DISMISSED as untimely**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability. The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 7) be **GRANTED** and the § 2254 petition (ECF No. 1) be **DISMISSED as untimely.** It is further **RECOMMENDED** that a certificate

of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 20, 2023.

S/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**